UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE BRACAMONTES | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1593 |
| GEOVERA SPECIALTY INSURANCE COMPANY | * | SECTION "L" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Janice Bracamontes' Motion for Leave to File First Supplemental and Amended Complaint. ECF No. 30. Defendant Geovera Specialty Insurance Company timely filed an Opposition Memorandum. ECF No. 32. Plaintiff filed a Reply Memorandum. ECF No. 33.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File the First Supplemental and Amended Complaint (ECF No. 30) is DENIED for the reasons stated herein.

## I.   BACKGROUND

Plaintiff filed suit to recover for damages sustained as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds.  ECF No. 1-2 at 3-8.  Defendant Geovera Specialty Insurance Company removed the case based on diversity jurisdiction.  ECF No. 1.  The court issued a Scheduling Order on December 6, 2023, which established a deadline of January 5, 2024, for amendments to pleadings.  ECF No. 16 at 1.

After a status conference on January 11, 2024, Plaintiff sent a draft Rule 30(b)(6) deposition notice  to Geovera.  ECF No. 30 at 1; *see also* ECF No. 21-2.  When Geovera did not

respond, Plaintiff filed a motion to compel, which was withdrawn when it identified its corporate representatives and provided available dates. ECF No. 30 at 2.   On April 19, 2024, Plaintiff deposed Defendant's first representative, Adam Marchant, and began the deposition of its second representative, Lisa Scaccalosi.  *Id.* Plaintiff cites this deposition testimony to support her request for leave to add claims under the Louisiana Unfair Trade Practices Act ("LUTPA"), LA. REV. STAT. § 22:1892B(6)(e) and LA. REV. STAT.  § 22:1674.1.  *Id.*

Plaintiff alleges that Geovera violated LA. REV. STAT.  § 22:1892B(6)(e) when its adjuster applied a roofing schedule based on a twenty-three-year-old roof when the roof was only between eleven and fifteen years old.  *Id.*  Plaintiff alleges that Geovera violated LUTPA and LA. REV. STAT. §22:1674.1 by employing unlicensed adjusters to adjust Plaintiff's property claim. *Id.*  Citing Rule 15, Plaintiff argues that leave should be granted to assert claims under the LUTPA based on these facts because there would be no substantial or undue prejudice, bad faith, undue delay, or futility.  ECF No. 30-1 at 2.

Defendant opposes the motion and argues that Plaintiff has not established good cause, as required more than three months after the Scheduling Order's January 5, 2024 amendment deadline. ECF No. 32 at 1. Defendant also attacks the factual assertions of the amendment and argues that Plaintiff's allegations are incorrect regarding its adjuster's qualifications and the roof depreciation schedule.  *Id.* at 2-3.  Defendant also argues that the amendment is futile because LUTPA does not provide her with a private right of action against her insurer.  *Id.* at 4-5.[1]

In Reply, Plaintiff summarizes the facts upon which her claims are based.  ECF No. 33 at 1-2.  She also argues that public policy should allow a private party to sue an insurer for unfair trade practices.  *Id.* at 3-6.

---

[1] Citing *Travelers Indem. Co. v. Powell Ins. Co.*, 1996 WL 578030, at *4 (E.D. La. Oct. 4, 1996).

## II.   <u>APPLICABLE LAW</u>

### A.  <u>Amendment of Pleadings</u>

Initially, Plaintiff mistakenly relies on Rule 15(a) to support the request for leave to amend. While Rule 15(a) applies when a party seeks leave to amend before expiration of any deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[2]

### 1.  Rule 16 Standard

In this case, the Scheduling Order established a January 5, 2024, amendment deadline. Plaintiff's request for leave to amend is subject to the stricter good cause requirements of FED. R. CIV. P. 16(b).[3]   Pursuant to Rule 16(b)(4), after "a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent."[4]  The requesting party must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[5]   The four relevant factors to determine good cause under Rule 16(b)(4) are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

---

[2] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citations omitted) (stating Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification only for good cause and with the judge's consent; the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

[3] *Id.*

[4] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting FED. R. CIV. P. 16(b)(4)); *Id.* at 424 (holding that a good cause analysis under Rule 16(b)(4) certifies that the district court did not abuse its discretion in denying Plaintiff's request for leave to amend).

[5] *Id.* at 422 (quoting *Fahim v. Marriott Hotel Serv., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted)).

[6] *Fahim*, 551 F.3d at 348 (reasoning that a district court "has broad discretion to preserve the integrity and purpose of the pretrial order.") (quoting *S&W Enters., LLC*, 315 F.3d at 535.

Plaintiff has entirely failed to address any of these four factors.  While the court may surmise that Plaintiff would argue his delay resulted from Defendant's failure to cooperate in scheduling the Rule 30(b)(6) deposition, there is no evidence as to the importance of the amendment, prejudice or availability of continuance.  Nevertheless, the court will proceed to address the Rule 15 factors, assuming Plaintiff established good cause as required by Rule 16.

## 2.  Rule 15 Standard

"Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[7] Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[8] The five factors under the Rule 15 standard for amendment are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[9] Rule 15(a) has a "bias is favor of granting leave to amend," and thus, the court may not extend its discretion to deny leave to amend without a "substantial reason."[10]

### a.  Undue Delay

Rule 15(a)(2) does not itself impose a specific time limit on seeking leave to amend.[11]  A litigant's failure to assert a claim as soon as it could have done so is properly a factor to consider

---

[7] *S&W Enters.*, 315 F.3d at 535–36; *see also Fahim*, 551 F.3d at 348.

[8] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173-74 (5th Cir. 2006). A district court exercises proper discretion under Rule 15(a)(2) when it denies leave to amend for substantial reason, such as undue delay, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[9] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962))).

[10] *Id.* at 595 (citation omitted); *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004) (footnote omitted).

[11] *See Smith*, 393 F.3d at 595 (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").

in deciding whether to grant leave to amend.[12]  As courts have recognized, at some point, plaintiff's delay can be procedurally fatal.[13]  In that case, plaintiff must establish that the delay "was due to oversight, inadvertence, or excusable neglect."[14]

> b. Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

Bad faith amendments include amendments that are abusive, designed to secure a tactical advantage,[16] and include allegations that are specious and insufficient to state a claim.[17]  Likewise, when a party is aware of facts and fails to include them in the complaint, that can give rise to the inference that the party was engaging in tactical maneuvers to force the court to consider various theories seriatim.[18]

---

[12] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[13] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)).

[14] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).  Delay alone is an insufficient basis for denial of leave to amend: "The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."  *Mayeaux*, 376 F.3d 420, 427 (5th Cir. 2004) (citations omitted).

[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (interpreting Louisiana law).

[16] *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985) (noting that amendment was not designed to achieve a tactical advantage or otherwise in bad faith); *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (finding that plaintiff acted in bad faith when it withheld known facts from complaint and later moved to amend to either force the defendant to settle or punish the defendant for failing to settle) (citing 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487).

[17] *Road Sprinkler Fitters Loc. Union No. 669, U.A. v. CCR Fire Prot., LLC*, No. 16-448, 2017 WL 343898, at *6 (M.D. La. Jan. 23, 2017) (noting circumstances warranting a finding of bad faith); *see also Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 n.1 (5th Cir. 2019) (citing *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011) (finding bad faith when plaintiff failed to make any effort to connect factual allegations to the statute)).

[18] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (1993).

    c.  <u>Repeated Failures to Cure</u>

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[19]

    d.  <u>Undue Prejudice</u>

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[20]  A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[21]  Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[22]

---

[19] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 555 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[20] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[21] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[22] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").

e.  Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[23]  To survive a 12(b)(6) motion, the plaintiff must meet the Rule 8(a)(2) pleading requirements.  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[24]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[25]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[26]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[27]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[28]  Futility alone is a "substantial reason" to

---

[23] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

[24] *Twombly*, 550 U.S. at 555.

[25] *Id.* at 557–58; *Iqbal*, 556 U.S. at 678.

[26] *Iqbal*, 556 U.S. at 678 (citation omitted).

[27] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[28] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

deny leave to amend[29] because, "if a complaint as amended is subject to dismissal, leave to amend need not be given."[30]

The Fifth Circuit and numerous sections within this district have held that LUPTA expressly exempts actions subject to the Insurance Commissioner's jurisdiction.[31]  Plaintiff appears to concede that she has no private right of action under the LUTPA when she attacks the insurance commissioner and argues that this Court should nevertheless allow her to pursue that claim.[32]  Plaintiff's unsupported assertion that the LUTPA provides her with a right of action as a private citizen fails.  Moreover, as Chief Judge Brown recently held:  "*Blevins* is binding on this Court and makes clear that 'LUTPA does not apply to 'actions or transactions subject to the jurisdiction of the ... insurance commissioner.'"[33]  Because the Louisiana Insurance Code gives the Commissioner "the power to determine what is an unfair trade practice in the insurance industry," Plaintiff's claim that Defendant's actions "constitute unfair trade practices" falls squarely within the jurisdiction of the insurance commissioner.

Plaintiff's requested amendment is futile as it would be subject to dismissal under Rule 12(b)(6).

---

not do.") (citations and internal quotation marks omitted).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.  *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[29] *In re Uplift RX, LLC*, 625 B.R. 364, 375 (S.D. Tex. 2021) (citing *Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008)).

[30] *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013).

[31] *See Century v. Surety Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quoting LA. REV. STAT. § 51:1406(1)) (LUTPA's terms do not govern "actions or transactions subject to the jurisdiction of the... insurance commissioner."); *Travers v. Chubb Eur. Grp. SE*, --- F. Supp. 3d ---, 2024 WL 363346, at *5 (E.D. La. Jan. 31, 2024); (dismissing LUTPA claim against insurer; *Travelers*, 1996 WL 578030, at *4 (E.D. La. Oct. 4, 1996).

[32] ECF No. 33 at 3-6.

[33] *Meins v. Allied Tr. Ins. Co.*, No. 22-4657, 2023 WL 372086, at *3 (E.D. La. Jan. 24, 2023) (citations omitted).

III.    **CONCLUSION**

Plaintiff has not addressed, much less established, good cause to modify the Scheduling Order under Rule 16.  Even if she had, her request for leave to amend fails the standard of Rule 15 because the claim she seeks to assert is futile based on Fifth Circuit precedent.  Plaintiff's failure to satisfy both Rule 16 and Rule 15 provides substantial reason to deny the request.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave is DENIED.

New Orleans, Louisiana, this_____20th_____ day of May, 2024.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE