UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE BRACAMONTES | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1593 |
| GEOVERA SPECIALTY INSURANCE COMPANY | * | SECTION "L" (2) |

<u>**ORDER AND REASONS**</u>

Pending before me is Plaintiff Janice Bracamontes' Motion to Compel.  ECF No. 34.  Defendant GeoVera Specialty Insurance Company timely filed an Opposition Memorandum.  ECF No. 38.  Plaintiff timely filed a Reply Memorandum.  ECF No. 42.  Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.  **BACKGROUND**

Plaintiff filed suit to recover for damages sustained as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds.  ECF No. 1-2 at 3-8.  Defendant GeoVera Specialty Insurance Company removed the case based on diversity jurisdiction.  ECF No. 1.  Trial is currently scheduled for July 29, 2024, with a discovery deadline of June 17, 2024.  ECF No. 16.

After conducting the noticed Rule 30(b)(6) deposition, Plaintiff filed this motion to compel Defendant to produce an appropriate corporate representative to testify regarding "policies, procedures, and claims handling," arguing that GeoVera failed to produce a witness to address coverage extensions.  ECF No. 34-1 at 3-6.  Plaintiff contends that each of the two designated witnesses deferred to one another and she is being forced to play a game of blind man's bluff.  *Id.*

at 6.  Plaintiff also seeks production of one of the witness' personal notes consulted during the deposition and unredacted copies of the documents produced at the deposition.  *Id.* at 7-9.

In Opposition, Defendant argues that it produced two representatives in response to the Rule 30(b)(6) notice, Lisa Scaccalosi to address underwriting and Adam Marchant to address claims handling and the policy, both of whom answered all questions to the best of their ability. ECF No. 38 at 2; *see also* ECF No. 38-3.  Defendant contends that, when Ms. Scaccalosi  was asked a question regarding the policy rather than underwriting, she was instructed not to answer because Marchant was the designee for the policy topic, not her.  ECF No. 38 at 3.  Further, Defendant states that the two desk adjusters who handled Plaintiff's claims have both left GeoVera's employ but it has identified them for Plaintiff and their depositions have been scheduled.  *Id.* at 4.  As to Mr. Marchant's personal notes, Defendant argues that Mr. Marchant simply consulted his notes to obtain his license number which he did not know from memory, and Plaintiff has not established that Mr. Marchant's personal notes have any relevance to this proceeding.  *Id.* at 6-7.  It also argues that irrelevant information was redacted and the documents reflect headings that make clear the redacted information has no relevance.  *Id.* at 7-8.

In Reply, Plaintiff argues that she seeks an answer to a coverage question, which Ms. Scaccalosi was designated to address but deferred to Mr. Marchant who deferred to the desk adjuster.  ECF No. 42 at 2. Plaintiff also argues that if Mr. Marchant simply referred to his notes to obtain his license number, he should have no problem producing the notes, or at least delivering them for *in camera* inspection.  *Id*.  She also argues that Defendant's failure to produce a privilege log requires *in camera* inspection of the documents withheld.

## II.   APPLICABLE LAW AND ANALYSIS

### A.  The Scope of Discovery

Rule 26 authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] Information need not be admissible into evidence to be discoverable.[2]   Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense.[3]

### B.  Rule 30(b)(6) Depositions

"The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition."[4]   Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[5]   Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."[6]

---

[1] FED. R. CIV. P. 26(b)(1).

[2] *Id.*

[3] *Id.*

[4] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

[5] *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).

[6] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006)).

### 1. Requirements of Rule 30(b)(6)

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[7]   In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[8]   This Rule imposes upon the corporation a duty to present and prepare its designee as fully as possible given the availability of requested subject matter from accessible sources, including from documents and previous employees.[9]   As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.  The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[10]

If the designated representative lacks knowledge of a specified topic, the corporation's appearance is considered a nonappearance if it has failed to designate another available witness who possesses the requisite knowledge about the relevant issue.[11]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[12]   This enables the corporate entity to fulfill its obligations to choose and prepare

---

[7] FED. R. CIV. P. 30(b)(6).
[8] *Id.*
[9] *United Healthcare Serv., Inc. v. Next Health, LLC*, No. 3:17-00243, 2021 WL 9146632, at *2 (N.D. Tex. Oct. 13, 2021) (citations omitted) (holding that "the mere fact that [Defendant] no longer employs individuals with personal knowledge of relevant information does not relieve it from preparing its Rule 30(b)(6) designee to the extent that information is reasonably available.").
[10] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).
[11] *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).
[12] *Pauls v. The Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (citing FED. R. CIV. P. 30(b)(6)).

a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[13]   Otherwise, an overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task because, if the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[14]   Indeed, the effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[15]

## 2. Scope of Examination

Courts generally recognize that Rule 30(b)(6) establishes the minimum about which the witness must be prepared to testify, not the maximum.[16]   The "reasonable particularity"

---

[13] *Id.* at *4 (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[14] *Pauls,* 2016 WL 6397564, at *4 (citation omitted).

[15] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12- 3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

[16] *See, e.g., Green v. Wing Enters., Inc*., 2015 WL 506194, at *8 (D. Md. Feb. 5, 2015) (citing *K.S. ex rel. Isserlis v. Ambassador Programs, Inc*., 2010 WL 1568391, at *2 (E.D. Wash. Apr. 14, 2010) ("[D]istricts in the Ninth Circuit have concluded that once the witness satisfies the minimum standard for serving as a designated witness, the scope of the deposition is determined solely by relevance under Rule 26.") (internal quotation marks omitted); *Crawford v. Franklin Credit Mgmt. Corp*., 261 F.R.D. 34, 38 (S.D.N.Y.2009) ("[A] notice of deposition ... constitutes the minimum, not the maximum, about which a deponent must be prepared to speak.") (internal quotations omitted); *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499, 500 (M.D. Pa. 2000) ("I do not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in Rule 26(b)(1)"); *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D. Fla. 1995) (" Rule 30(b)(6) does not limit what can be asked at deposition.")); *La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*, No. 17-1124, 2019 WL 4141237, at *7 (S.D. Cal. Aug. 30, 2019); *ChriMar Sys. Inc. v. Cisco Sys. Inc*., 312 F.R.D. 560, 563 (N.D. Cal. 2016) (holding that the 30(b)(6) notice establishes the minimum level of preparedness for the witness to be able to testify on the matter, and that a corporation must produce and prepare such persons who will provide complete answers on behalf of the corporation); *Rivas v. Greyhound Lines, Inc*., No. 14-166, 2015 WL 13710124, at *6 (W.D. Tex. Apr. 27, 2015) (denying motion for protective order to preclude deposition question on relevant topic that went beyond scope of Rule 30(b)(6) notice, amended on reconsideration in part, No. 14-166, 2016 WL 11164796 (W.D. Tex. Jan. 11, 2016); *Moriarty*, 2019 WL 1559143; *California Found. For Indep. Living Centers*, 142 F. Supp.3d 1035, 1046 (E.D. Cal. 2015) ("Unlike a lay witness, 30(b)(6) deponents may testify on matters outside of their personal knowledge so long as the testimony is based on the organization's knowledge.") (citation omitted).  *But see Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 730 (D. Mass. 1985) (holding that questions directed to a Rule 30(b)(6) deponent cannot exceed the items identified in the notice).

requirement of Rule 30(b)(6) is thus not a proper basis to limit what is asked of the designated witness during a deposition.[17]  There are two primary reasons behind the rule allowing examining parties to ask questions beyond the scope of the Rule 30(b)(6) notice. First, the main thrust of the Court's liberal discovery rules is to allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[18] Second, the purpose of "adopting Rule 30(b)(6) was not to provide greater notice and protections to corporate deponents, but rather to have the right person at deposition."[19]  "Limiting the scope of a 30(b)(6) deposition to what is noticed in the deposition subpoena frustrates the objectives of Rule 26(b)(1) whenever a deposing party seeks information relevant to the subject matter of the pending litigation that was not specified."[20]  The examining party thus may ask questions outside the scope of the matters set forth in the Rule 30(b)(6) notice subject to "the general deposition rules ... (i.e., FED. R. CIV. P. 26(b)(1)."[21]

If the examining party asks questions outside the scope of the Rule 30(b)(6) deposition notice, the corporation is under no obligation to have prepared the designee to answer the question.[22]  Further, testimony in response to questions beyond the scope of the notice constitutes the testimony of the deponent ***in an individual capacity*** and not on behalf of his organization, and counsel may note this distinction on the record.[23]  Counsel may not, however instruct the witness

---

[17] *ChriMar Systems Inc.*, 312 F.R.D. at 563; *see also Moriarty v. Am. Gen. Life. Ins. Co.*, No. 17-1709, 2019 WL 1559143 (S.D. Cal. Apr. 10, 2019) (Gallo, J.).
[18] FED. R. CIV. P. 26(b)(1).
[19] *King v. Pratt & Whitney*, 161 F.R.D. at 476.
[20] *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).
[21] *King v. Pratt & Whitney*, 161 F.R.D at 476.
[22] *Id.* at 476.
[23] *See, e.g., Falchenberg v. New York Dep't of Educ.*, 642 F. Supp. 2d 156, 165 (S.D.N.Y. 2008) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent.") (citing cases); *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 99 (D. Md. 2012) ("The deponent's answers to questions outside the scope of the notice will not bind the organization, and the organization cannot be penalized if the deponent does not know the answer.") (citations omitted); *Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. at 367 ("Counsel may note on the record that answers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party.").

not to answer the question because Rule 30 authorizes that instruction "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)" to terminate or limit the deposition on grounds of bad faith, oppression, and the like.[24] If none of the enumerated objection grounds exists, the objection may be noted on the record, "but the examination still proceeds; the testimony is taken subject to any objection."[25]

### 3. Analysis

Topic No. 16 of the Notice of Deposition requested that Defendant GeoVera designate a representative to address "[a]ll determinations . . . regarding payment of the subject claim(s), including, coverage determination, timing of payment and amount of any such payment and complete factual basis for such determinations."  ECF No. 38-3 at 6.  In response, Defendant identified "Adam Marchant to testify regarding GeoVera's payments and the timing of payments in this matter."  Defendant does not identify any witness to address the coverage determination issue identified in this topic.

Counsel improperly instructed the witness not to answer questions based on the objection that the question was outside the scope of the designated topic area.  Counsel should have noted the scope objection on the record and allowed the witness to respond in an individual capacity, if known.  Further, under Rule 30(b)(6), Defendant was obligated to produce a witness to address all identified topics in the notice.  Therefore, Plaintiff is entitled to a response by Defendant's designated representative regarding the coverage determination issue, as identified in the Rule 30(b)(6) Notice of Deposition.  Defendant cannot simply respond that the desk adjusters are no longer employed.  It must either chose to designate the former employee as its designated representative or educate another employee to answer the question based on all reasonably

---

[24] FED. R. CIV. P. 30(c)(2), (d)(3).
[25] *Id*. at 30(c)(2).

available information.  It cannot simply ignore the issue, nor can it avoid providing a response on behalf of the corporation.

### C. <u>Document Requests</u>

Rule 34 authorizes a party to request another party to produce documents or items within that party's possession, custody or control.  FED. R. CIV. P. 34(a)(1).  The request must describe each item or category of items with "reasonable particularity."  FED. R. CIV. P.  34(b)(1)(A).

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information . . . . The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

FED. R. CIV. P.  34(b)(1)(B).  In addition, Rule 30(b)(2) authorizes a party issuing a deposition notice to another party to include a request for inspection under Rule 34 to require production of documents in connection with the deposition.[26]  Any objection to production "must state whether any responsive materials are being withheld on the basis of that objection," and if the responding party objects, it must specify the objectionable part and permit inspection of the rest.  FED. R. CIV. P. 34(b)(1)(C).

A party withholding information based on privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim."  FED. R. CIV. P. 26(b)(5) (emphasis added).  The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.  The "privilege log's

---

[26] FED. R. CIV. P. 30(b)(2).

description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[27]  It "should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is immune from discovery."[28]  The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[29]

When faced with an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[30]  Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[31]  The Court should not undertake a review of numerous withheld documents without any meaningful justification[32] nor should it conduct an *in camera*

---

[27] *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

[28] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D. Ind. 2003) and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

[29] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges v. United States Gov.*, 768 F.2d 719, 721 (5th Cir. 1985).

[30] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-00684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (citing *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).

[31] *RPM Pizza, LLC*, 2014 WL 12660120, at *4 (citing *United States v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

[32] *See United States v. Zolin*, 491 U.S. 554, 571 (1989) ("[W]e cannot ignore the burdens in camera review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties."); *Smith v. Shelter Mut. Ins. Co.*, No. 15-357, 2018 WL 1278429, at *2 (M.D. La. Mar. 12, 2018) (refusing to review 139 withheld documents as it "would constitute a great and unnecessary expenditure of judicial resources").

review merely because a party requests it.[33]  Only when there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege must the court utilize its discretion to determine whether *in camera* review is appropriate under the circumstances presented.[34]

As to the timing of the document production, Plaintiff did not include a copy of the Rule 30(b)(6) Notice of Deposition with the motion to compel.  Therefore, the Court cannot determine whether the production on the day of the deposition complied with the Federal Rules of Civil Procedure.  If the document request was not pursuant to Rule 34 but rather simply sought production in connection with the deposition without specifying an earlier production date, then production at the deposition would have been appropriate.  Without the underlying notice, however, the Court cannot determine whether production was timely or not.

Redactions based on relevance are not invocations of privilege that must be specified on a privilege log.  A privilege log is required only when a party seeks to withhold from production a relevant document.  Defendant contends that the redactions pertain to information that is irrelevant and that the headings above the redactions remain to show the lack of relevance of the topics and redacted redactions.[35]  To the extent, however, that Defendant has redacted any relevant information on the basis of privilege or work product, it must provide a proper privilege log.

### D.  Memory-Refreshment Doctrine

Plaintiff relies on FED. R. EVID. 612/the memory-refreshment doctrine to obtain a copy of Marchant's personal notes, which he referred to during his deposition.  The memory-refreshment doctrine codified in Rule 612 of the Federal Rules of Evidence serves as a mechanism for guiding

---

[33] *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (citations omitted).

[34] *Id.*  at 21 (quoting *Jani-King Franchising, Inc.*, No. 3:13-4136, 2015 WL 12916409, at *1 (N.D. Tex. Feb. 6, 2015); *accord BDO*, 876 F.3d at 697 n.4 ("Given the serious nature of Bower's allegations through her affidavit and the lack of a countering affidavit from the party claiming privilege, we note that in camera review will likely be necessary."); *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 721 (5th Cir. 2011)).

[35] ECF No. 38 at 8.

the examination of witnesses towards the ideal: a witness should have the facts clear in his or her mind, recall all important details, and be in command of his or her narrative during cross-examination.[36]   The party seeking disclosure bears the burden of showing that disclosure is warranted.[37]

Under Rule 612 of the Federal Rules of Evidence, when a witness uses a writing to refresh memory before testifying, and the court in its discretion determines that the interests of justice require it, the adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness' testimony.   Thus, three elements must be satisfied for Rule 612 to require disclosure of documents used to prepare a witness prior to a deposition: (1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interests of justice, the adverse party is entitled to see the writing.

Courts within this district have recognized that Rule 612 applies in the context of discovery depositions.[38]   But the mere showing of a privileged or work product protected document to a witness does not equal a waiver of that protection.[39]   Courts generally require some evidence that

---

[36] *In re Xarelto (Rivaroxaban) Prod. Liab. Litig*., 314 F.R.D. 397, 401–02 (E.D. La. 2016) (citing C. FISHMAN & A. MCKENNA, 5 JONES ON EVIDENCE § 32:1 (7th ed. 2016); *see also* Fed. R. Evid. 612, advisory committee's note to 1972 enactment ("The purpose of the rule is ... to promote the search of credibility and memory.")).   To safeguard against the potential abuse of memory refreshment, courts typically employ two safeguards:  (1) before the witness is exposed to any refreshment material, the judge has the opportunity to determine that the witness's memory had lapsed and (2) opposing counsel is given the opportunity to review the refreshment material, and later cross-examine the witness regarding its contents.  *Id.* at 401-02.

[37] *Lubritz v. AIG Claims, Inc*., No. 17-2310, 2018 WL 10456239, at *2 (D. Nev. Apr. 18, 2018) (citations omitted).

[38] *Hanover Ins. Co. v. Plaquemines Par. Gov't*, 304 F.R.D. 494, 500 (E.D. La. 2015); *Freeport-McMoRan Sulphur Co., LLC v. Mike Mullen Energy, Equip. Res., Inc*., No. 03-1496, 2004 WL 1237450, *7-*8 (E.D. La. June 2, 2004) (holding that Rule 612 applies to depositions by way of FED. R. CIV. P. 30(c)); *Woodward v. Avondale Indus., Inc*., No. 99-2271, 2000 WL 385513, at *2 n.3 (E.D. La. Apr. 14, 2000) (stating that the vast majority of cases have concluded that Rule 612 applies to depositions pursuant to Federal Rule of Civil Procedure 30(c)) (citing 28 C. WRIGHT & V. GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6183, at 452 (1993)).

[39] *Bogosian v. Gulf Oil Corp*., 738 F.2d 587, 593 (3d Cir. 1984) (citation omitted); *Freeport-McMoRan Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. 03-1496, 2004 WL 1237450, at *7 (E.D. La. June 2, 2004) (citation omitted); *Woodward v. Avondale Ind. Inc.*, No. 99-2771, 2000 WL 385513, at *2 (E.D. La. Apr. 14, 2000) (citing WRIGHT & GOLD, § 6188, at 488).

the witness has actually relied upon the document in giving his testimony or that the document somehow influenced his testimony as a predicate for a finding that production was required pursuant to Rule 612.[40]  Further, the court must balance the interests promoted by Rule 612 against the burden those rights impose on the work product and privilege protections.[41]

Plaintiff has not established that Marchant's reliance on his personal notes to provide his license numbers influenced his testimony in any way.  Accordingly, Plaintiff has not established the predicate for consideration of the interests of justice analysis for production under Rule 612.

## III.   <u>CONCLUSION</u>

Defendant must produce a properly prepared designee to address the coverage determination issue, as requested in Plaintiff's Rule 30(b)(6) notice.  It may elect to designate its former desk adjuster or a current employee who must be prepared to respond to questions on that topic based on all available information.  Likewise, if any document was withheld or redacted based on privilege or work product, it must be described on a proper privilege log within 14 days. Plaintiff has not established that *in camera* review of documents redacted based on relevance is necessary or justified.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 34) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this _____6th_____ day of June, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *See Lubritz*, 2018 WL 10456239, at *4 (noting that movant must show more than a mere cursory review of the document by the witness as there is little utility in producing a document without a showing that the document actually influenced the witness' testimony) (citations omitted).
[41] *Freeport-McMoRan*, 2004 WL 1237450, at *7 (citing *Bogosian,* 738 F.2d at 587); *Woodward*, 2000 WL 385513, at *2 (citing WRIGHT & GOLD, § 6188, at 488); *see also Lubrtiz,* 2018 WL 10456239, at *3 (citation omitted).