UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE BRACAMONTES | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1593 |
| GEOVERA SPECIALTY INSURANCE COMPANY | * | SECTION "L" (2) |

## ORDER AND REASONS

Pending before the court on an expedited basis is Plaintiff Janice Bracamontes' Motion for Extension of Time to Complete Discovery.  ECF Nos. 53, 55.  Defendant GeoVera Specialty Insurance Company failed to file an Opposition Memorandum.  Having considered the record, the submissions and  arguments of counsel, and the applicable law, Plaintiff's Motion for Extension of Time to Complete Discovery is GRANTED for the reasons stated herein.

## LAW AND ANALYSIS

Plaintiff requests an extension of the June 17, 2024 discovery deadline[1] to allow the completion of Defendant's Rule 30(b)(6) deposition in accordance with this Court's June 7, 2024 Order and Reasons.  ECF Nos. 52, 53.  Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order."[2]  This rule also provides that a scheduling order "may be modified only for good cause and with the judge's consent."[3]  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."[4]  The four factors

---

[1] ECF No. 16 at 2.
[2] *In re Pool Prods. Distrib. Mkt. Antitrust Litig*., No. MDL 2328, 2014 WL 1154334, at *3 (E.D. La. Mar. 21, 2014) (Vance, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990); *accord Barrett v. Atl. Richfield Co*., 95 F.3d 375, 380 (5th Cir. 1996)).
[3] FED. R. CIV. P. 16(b)(4).
[4] *Pool Prod. Distrib. Mkt. Antitrust Litig*., 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc*., No.

considered to determine whether good cause exists to modify a discovery deadline are: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice.[5]

Plaintiff has established good cause for a brief extension of the discovery deadline for the limited purpose of completing Defendant's Rule 30(b)(6) deposition.  Plaintiff indicates that, after the court issued its June 7, 2024 Order compelling Defendant to identify an individual who could testify regarding coverage determinations, Plaintiff's counsel promptly contacted defense counsel to schedule same.  ECF No. 53-1 at 1-2.  Despite counsel's efforts, the parties were unable to find a mutually available date within the ten days remaining before expiration of the June 17, 2024 discovery deadline.  *Id*. at 2.  Given the limited requested extension, neither party will suffer prejudice.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Extension of Discovery Deadline for the limited purpose of completing Defendant's Rule 30(b)(6) deposition (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that the discovery deadline is extended from June 17, 2024 to July 5, 2024, to allow for the completion of the Rule 30(b)(6) deposition only.  **THIS EXTENSION DOES NOT ALTER ANY OTHER DEADLINES, INCLUDING THE DEADLINES FOR FILING PRETRIAL MOTIONS OR THE TRIAL DATE.**

New Orleans, Louisiana, this __18th__ day of June, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

18-2885, 2021 WL 6196978, at *1 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty*., 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*,, 315 F.3dat 535)).

[5] *Geiserman*, 893 F.2d at 791 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).